83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorothy HECKMAN; Richard Heckman, Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES; Sherman Block, individually and in
his official capacity as Los Angeles County Sheriff, Does
1-10 inclusive, individually and in their official
capacities, Defendants-Appellees.
 No. 95-55679.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorothy and Richard Heckman appeal the district court's denial of their motion for a preliminary injunction in their 42 U.S.C. § 1983 action alleging racially-discriminatory prosecution and selective enforcement of a restraining order. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We review for abuse of discretion, Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir.1985), and affirm.
 
 
 3
 "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. (citations and internal quotations omitted).
 
 
 4
 Here, the district court properly concluded that the circumstances of this case did not merit a federal injunction against a state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43 (1971). The district court also properly concluded that, because the Heckmans had not presented evidence of "a pervasive pattern of police misconduct ... which flowed from an intentional, concerted, and indeed conspiratorial effort to deprive [the victims] of their [constitutional] rights," they had shown neither a likelihood of success on the merits nor the existence of serious question going to the merits. See Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir.1992) (citations and internal quotations omitted; brackets in original).
 
 
 5
 Accordingly, the district court did not err in denying the Heckmans' motion for a preliminary injunction. See Oakland Tribune, 762 F.2d at 1378.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Heckmans' claim of judicial bias lacks merit. See 28 U.S.C. § 455; Liteky v. United States, 114 S.Ct. 1147, 1155 (1994)